# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JOSEPH JIMENEZ,<br>Appellant, | DOCKET NUMBER<br>AT-0752-20-0466-I-1 |
| v. | |
| DEPARTMENT OF JUSTICE,<br>Agency. | DATE: September 10, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Joseph Jimenez</u>, Orlando, Florida, pro se.

<u>Jeanelle L. Graham</u>, Esquire, Atlanta, Georgia, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner recused himself and did not participate in the adjudication of this appeal.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his involuntary resignation appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant was a Medical Officer at a Federal Correctional Institution in Tallahassee, Florida. Initial Appeal File (IAF), Tab 1 at 1. On April 16, 2020, there was an incident between the appellant and his subordinate staff at the facility involving how to care for a patient exhibiting symptoms of COVID-19. *Id.* at 5. After meeting with the facility's Warden to discuss the matter, *id.*, the appellant tendered his letter of resignation,[2] IAF, Tab 4 at 15. The appellant's resignation letter stated both that it would be "effective immediately" and that his "last day of employment" would be "April 30, 2020." *Id.* Following the submission of his resignation letter, the appellant went to the human resources (HR) department to complete the necessary paperwork, and he returned any agency-owned items in his possession. IAF, Tab 19 at 6. After relinquishing his identification card and credentials, the appellant left the facility. *Id.* He subsequently filed a Board appeal on April 27, 2020, alleging that his resignation was involuntary. IAF, Tab 1 at 5.

---

[2] Although the letter of resignation was dated April 1, 2020, the parties do not dispute that it was sent and received on April 16, 2020. IAF, Tab 4 at 5, Tab 5 at 4.

The administrative judge found that the appellant made nonfrivolous allegations of jurisdiction. IAF, Tab 14 at 1. Because the appellant did not request a hearing, IAF, Tab 1 at 2, the administrative judge decided the matter on the written record, IAF, Tab 24, Initial Decision (ID) at 1. The administrative judge found that (1) the appellant resigned, effective April 16, 2020, and he did not rescind his resignation prior to the effective date, and (2) the appellant failed to prove by preponderant evidence[3] that his resignation was involuntary. ID at 1-14.

The appellant has filed a petition for review and a supplemental petition, and the agency has responded. Petition for Review (PFR) File, Tabs 1-2, 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge correctly found that the agency acted properly in processing the appellant's resignation effective immediately.</u>

The Board has recognized that the effective date of a resignation is a decision reserved for the employee. *Aurandt v. Department of the Air Force*, 53 M.S.P.R. 591, 596 (1992); 5 C.F.R. § 715.202(a). However, when there is a question as to the timing of a resignation, the Board looks at an employee's statements and actions, and if they are consistent with an intent to resign immediately, the agency is entitled to process the resignation immediately. *Heinze v. Department of the Interior*, 47 M.S.P.R. 375, 378, *aff'd*, 949 F.2d 403 (Fed. Cir. 1991) (Table). When, as here, no hearing was held and the administrative judge's findings were based solely on the written record, the Board will give those findings only the weight warranted by the record and the strength of his conclusions. *Donato v. Department of Defense*, 34 M.S.P.R. 385, 389 (1987). However, the Board will not reconsider an administrative judge's factual findings simply based on an allegation that he failed to give sufficient weight to

---

[3] Preponderant evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

one party's evidence or gave too much weight to the other party's evidence. *Id.* at 389-90.

The appellant's letter of resignation stated that he was resigning "effective immediately." IAF, Tab 4 at 15. In tendering his resignation, he expressed concern with his ability to work as a medical officer in a safe and effective manner given the COVID-19 pandemic. *Id.* The appellant also stated in his resignation letter that his last date of employment would be April 30, 2020. *Id.* Thus, on its face, the appellant's resignation letter was internally inconsistent.

The administrative judge found that the agency was within its rights to process the appellant's resignation effective immediately on April 16, 2020, because the totality of the circumstances indicated that the appellant intended to resign "effective immediately" on the date that he submitted the letter. ID at 5-9. For example, the administrative judge noted that the appellant complied with the agency's instructions to visit the HR department to complete paperwork and other tasks to effect his resignation, including returning agency property, identification cards, and credentials, and he signed an SF-52 stating that his resignation was effective that same day.[4] ID at 7-8. Additionally, in reaching this conclusion, the administrative judge made credibility findings that were consistent with the factors set forth in *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987). ID at 7-8. Specifically, the administrative judge credited the declarations, made under penalty of perjury, of four agency employees who

---

[4] There was a dispute as to whether the hand-written effective date "4/16/20" on the SF-52 next to the appellant's signature was inserted by the appellant or was added after he had signed it. IAF, Tab 4 at 19-20. The administrative judge determined that it was unnecessary to resolve this discrepancy in light of other record evidence. ID at 3 n.2. However, there was also a typed proposed effective date of "4/16/20" on the same form, and the administrative judge noted that this entry was made by an agency employee before the appellant signed it. ID at 3, 8; IAF, Tab 4 at 19, Tab 21 at 15. Although unclear, the appellant may be challenging the administrative judge's statement regarding the proposed typed effective date on review. *See* PFR File, Tab 2 at 6 (arguing that the "dates" in the SF-52 "were filled in by the HR department after [he] had been escorted out of [the] premises"). However, this argument is not persuasive because the record supports the administrative judge's findings in this regard.

interacted with the appellant on the same day that he tendered his resignation, that at no point in time during the resignation process did the appellant express his intent to have the effective date be different than that day, April 16, 2020, or otherwise attempt to rescind his resignation or stop the process. *Id.*; IAF, Tab 21 at 14-16, 29-32, 44-45, 47-49. In making these credibility determinations, the administrative judge took into consideration that these individuals were directly involved in the relevant events, the statements were consistent with one another and with other evidence in the record, the statements were not inherently improbable, and there were no apparent character or bias issues that would affect credibility. ID at 7-8.

Although unclear, the appellant appears to be arguing on review that he did not have "access, time or opportunity to speak [with] or see any of these individuals." PFR File, Tab 1 at 7. However, this assertion is belied by the next sentence in his petition wherein he appears to admit that a video tape record of the facility would confirm that he was with at least two of these individuals on the date in question. *Id.* We find that the appellant has failed to identify any specific evidence that demonstrates error in the administrative judge's findings, and his assertions amount to nothing more than a disagreement with the administrative judge's conclusions. Accordingly, we find no basis to disturb the administrative judge's findings and credibility determinations, which are supported by the record as explained in the initial decision. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when he considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions).

Indeed, all of the necessary steps to effectuate the appellant's resignation were completed in his presence and without any apparent objection on April 16, 2020. Accordingly, we find that the appellant's actions and conduct on that date resolved any internal inconsistency in his resignation letter and evidenced an

intent to resign immediately.[5] *See Heinze*, 47 M.S.P.R. at 378 (finding that the appellant intended to resign immediately when he stated that he was resigning "right now," turned in his keys, collected his belongings, and left the building). We have considered the appellant's remaining arguments, but none are persuasive.

<u>The administrative judge correctly found that the appellant failed to establish that his resignation was involuntary.</u>

An employee-initiated action, such as a resignation, is presumed to be voluntary, and thus, outside the Board's jurisdiction. *Searcy v. Department of Commerce*, 114 M.S.P.R. 281, ¶ 12 (2010). Among the ways that an employee can establish involuntariness is by proving that the agency obtained the action through duress or coercion. *Id.* The touchstone of a voluntariness analysis is whether, considering the totality of the circumstances, factors operated on the employee's decision-making process that deprived him of freedom of choice. *Id.* Intolerable working conditions may render an action involuntary if the employee demonstrates that the employer or agency engaged in a course of action that made working conditions so difficult or unpleasant that a reasonable person in that employee's position would have felt compelled to resign. *Id.* Moreover, an appellant may demonstrate that his resignation was involuntary where the agency made misleading statements upon which he reasonably relied to his detriment. *Aldridge v. Department of Agriculture*, 111 M.S.P.R. 670, ¶ 8 (2009). Although various fact patterns may give rise to an appealable involuntary resignation, all constructive adverse action claims have the following two elements in common: (1) the employee lacked a meaningful choice in the matter; and (2) it was the

---

[5] The HR manager declared under penalty of perjury that the appellant asked about severance pay for the period of April 17 through April 30, 2020, and she informed him that the agency did not issue severance checks, but that he would receive a check for any leave balances. IAF, Tab 21 at 30. Even with the information that he would not receive payment through April 30, 2020, the appellant nonetheless continued with the resignation process without any apparent objection.

agency's wrongful actions that deprived the employee of that choice. *Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶ 8 (2013).

The administrative judge found that the appellant failed to prove that his resignation was involuntary. ID at 9-14. In pertinent part, he found that the appellant failed to prove by preponderant evidence that he had no realistic alternative to resignation or that his resignation was the result of any improper agency action, including retaliation for an Office of Special Counsel complaint or prior Board appeal. *Id*. Rather, the administrative judge found that the totality of circumstances indicated that the appellant made "a hasty and impulsive decision to resign" following an April 16, 2020 disagreement concerning a patient and later regretted his decision. ID at 13.

The appellant argues that the administrative judge failed to credit his testimony that he did not willingly report to HR on April 16, 2020, but rather, was instructed to do so by the Assistant Warden. PFR File, Tab 2 at 6. Even taking the appellant's assertion as true, he has not explained how this was an improper act by the agency. *See Bean*, 120 M.S.P.R. 397, ¶ 8 (finding that an appellant must show the agency's wrongful actions led to his resignation). Because we have found that the agency properly processed his resignation effective immediately on April 16, 2020, there was nothing improper about requesting that he proceed to HR to complete the requisite paperwork. Additionally, as the administrative judge found, the escort by the Assistant Warden was to obtain the agency-owned stab-resistant vest that the appellant had in his vehicle, which was an appropriate action under the circumstances since he was no longer an agency employee. ID at 3; IAF, Tab 21 at 30, 44. His assertions that the agency took these actions against his will and without previous notification, PFR File, Tab 2 at 7, are unpersuasive. Indeed, the appellant initiated this process himself by submitting the letter of resignation. IAF, Tab 4 at 15. As credited by the administrative judge, the appellant never expressed reservation or a desire to stop the process. ID at 3, 7. Indeed, the administrative

judge found that the appellant "full[y] cooperat[ed]" with the agency's imminent processing of his resignation on April 16, 2020. ID at 7. Moreover, 2 days later, on April 18, 2020, the appellant emailed the Warden thanking her for her leadership and complaining about actions of a member of the medical staff, but not asserting that he felt forced to resign or expressing any reservation about his resignation. IAF, Tab 21 at 55. As such, we find that the appellant has failed to identify any improper actions by the agency in this regard which would render his resignation involuntary.

The appellant asserts that the agency retaliated against him for filing a complaint with the Office of Special Counsel and filing a prior Board appeal. PFR File, Tab 2 at 7. This argument does not warrant a different outcome. The Board may consider an appellant's claims of retaliation in an involuntary resignation appeal for the limited purposed of determining whether such claims support the appellant's allegation of coercion. *Hernandez v. U.S. Postal Service*, 74 M.S.P.R. 412, 416 (1997). The administrative judge held that the appellant failed to identify any specifics about his complaint or Board appeal, any individuals identified therein, knowledge on the part of any agency officials involved in his resignation, or a motive to retaliate. ID at 12-13. Thus, even considering the retaliation allegation together with the other evidence, the administrative judge found that the appellant's allegations failed to support a conclusion that his resignation was involuntary. ID at 13. The appellant on review argues that the administrative judge failed to consider material facts related to this allegation. PFR File, Tab 2 at 7. However, he does not identify what other facts or information the administrative judge failed to consider. Moreover, an administrative judge's failure to mention all of the evidence of record does not mean that he did not consider it in reaching his decision. *Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table). Additionally, the appellant had the option to stay and fight any alleged retaliation rather than resign. *See*

*Axsom v. Department of Veterans Affairs*, 110 M.S.P.R. 605, ¶ 17 (2009) (finding that the fact that an appellant could have challenged the alleged retaliation weighed against a finding that his resignation was involuntary).

To the extent the appellant argues that the agency retaliated against him by not promoting him and denying incentive bonuses and other monetary compensation, PFR File, Tab 2 at 7-8, we are similarly unpersuaded. It does not appear that the appellant raised these arguments below. The Board will not generally consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). Even if we were to consider this argument, the appellant has not explained how these actions would have compelled a reasonable person to resign.

Likewise, we are not persuaded by the appellant's contention that his resignation was obtained by agency misinformation or deception. PFR File, Tab 2 at 7. Here, too, it is not clear that the appellant raised this argument before the administrative judge. *See Banks*, 4 M.S.P.R. at 271. Even if we considered this argument, the appellant has failed to identify any information provided by the agency that was incorrect or was otherwise deceptive. He has not pointed to any documentation in the record showing that the agency misinformed him or led him to believe that the effective date of his resignation would be April 30, rather than April 16. To the extent he inquired about a severance check, the agency advised him that it does not issue such checks. IAF, Tab 21 at 30. We have considered the appellant's remaining arguments, but none warrant a different outcome. Accordingly, we agree with the administrative judge that the appellant failed to establish that his resignation was involuntary.

<u>The appellant's remaining arguments on review do not present a basis for reversal.</u>

The appellant argues that the administrative judge erred in denying his motion to subpoena video surveillance footage from the agency. PFR File, Tab 1 at 7-8. The administrative judge denied this motion, finding that the appellant did not initiate discovery or submit a discovery request to the agency requesting such evidence. IAF, Tab 23 at 1.

The Board will not reverse an administrative judge's rulings on discovery matters absent an abuse of discretion. *Wagner v. Environmental Protection Agency*, 54 M.S.P.R. 447, 452 (1992), *aff'd*, 996 F.2d 1236 (Fed. Cir. 1993) (Table). The abuse of discretion standard is "a very high standard" and allows for "great deference." *Pecard v. Department of Agriculture*, 115 M.S.P.R. 31, ¶ 15 (2010) (citing *Lipscomb v. Department of Defense*, 69 M.S.P.R. 484, 487 (1996)).

We find that the administrative judge did not abuse his discretion in denying the motion. The parties were informed of how to initiate discovery. IAF, Tab 2 at 3. However, there is no evidence in the record that the appellant ever initiated or served a discovery request on the agency, despite being advised previously by the administrative judge of the requirement to do so. *See* 5 C.F.R. § 1201.73(a) (noting that a party seeking discovery must start the process by serving a request on the representative of the opposing party); IAF, Tab 16 at 1.

The appellant additionally argues that the Board should consider his pro se status and lack of legal expertise in reviewing his petition for review and the denial of his motions before the administrative judge. PFR File, Tab 2 at 5. The appellant was correctly provided with the relevant information of how to initiate discovery, and he was informed of his need to serve discovery on the agency before making additional requests with the administrative judge. IAF, Tab 2 at 3, Tab 16 at 1. He has not demonstrated that the administrative judge abused his discretion in denying said motions, and the appellant's bare assertion of his pro se status is insufficient to warrant a different outcome on review.

Finally, the appellant appears to allege that the agency violated 42 U.S.C. § 1983 by depriving him of his constitutional rights. PFR File, Tab 2 at 6-7. The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). It is well settled that the Board has no jurisdiction to review constitutional claims that are not coupled with an independently appealable action. *Smith v. Department of Defense*, 106 M.S.P.R. 228, ¶ 13 (2007). Thus, because we find that the appellant has failed to establish jurisdiction over his appeal, we similarly lack jurisdiction over his section 1983 claim.

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.